**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| NATIONAL AUDUBON SOCIETY, INC., Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-00684-KCD-DNF |
| U.S. ARMY CORPS OF ENGINEERS; LT. GEN. WILLIAM GRAHAM, JR., in his official capacity as Chief of Engineers and Commanding General; COL. BRANDON BOWMAN, in his official capacity as Commander and District Engineer; U.S. FISH AND WILDLIFE SERVICE; DOUGLAS BURGUM, in his official capacity as Secretary of the Interior; BRIAN NESVIK, in his official capacity as Director, and LARRY WILLIAMS, in his official capacity as State Program Supervisor, Defendants. | ) | |

**MOTION OF THE ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The Association of Florida Community Developers ("AFCD") respectfully moves this Court for leave to file a Brief of Amicus Curiae in Support of Defendants

and in Opposition to Plaintiff's Motion for Preliminary Injunction ("Motion") (Dkt. No. 34). Should the Court grant AFCD's motion, AFCD will submit its brief by January 23, 2026, or within such time as the Court provides to other parties filing briefs in opposition to the Plaintiff's Motion.

**BACKGROUND**

AFCD is a not-for-profit corporation comprised of major community developers in Florida. Chartered in 1984 as a not-for-profit corporation by seven of the State's leading land developers, AFCD's membership has grown to include planners, engineers, environmental specialists, financial experts, attorneys, and other associate members. AFCD's membership is extensively involved in the planning, design, licensing, construction, marketing, and management of large-scale community developments that afford multiple land uses and environmental conservation throughout Florida. AFCD is committed to working with government leaders and other stakeholders in Florida to meet objectives for carefully planned growth and strong economic development that position Florida as a leader in the establishment of sustainable communities. AFCD's investments in Florida are substantial, its views are long-term, and its interests align with the greater needs of the State and its communities.

Plaintiff's suit, including its recent Motion for Preliminary Injunction, asserts several broad positions that are legally flawed. If adopted by the Court, those

positions would have substantial adverse impacts on the federal permitting and review process that governs AFCD member developments and numerous other projects throughout the State. In addition to potentially disrupting aspects of the Kingston project, a preliminary injunction that adopts Plaintiff's positions could cause significant delays in the permitting of numerous other projects throughout Florida. AFCD respectfully submits that, given its members' deep experience with United States Army Corps of Engineers ("Corps") Clean Water Act Section 404 permitting and associated environmental reviews, including the cross-cutting issues raised in Plaintiff's Motion, its participation as amicus curiae will be useful to the Court in deciding the Motion.

## LEGAL STANDARD

"Although there is no formal rule governing the filing of amicus curiae briefs, district courts possess the inherent authority to grant or refuse leave to amicus parties." *Georgia Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Id.* at 1288–89 (citation omitted).

## MEMORANDUM OF LAW

AFCD satisfies the standard recognized in *Georgia Aquarium*. *First*, AFCD's brief will provide useful information. AFCD's membership includes developers and

professionals with expertise in every facet of the community development process, including landowners, builders, planners, engineers, and environmental specialists. AFCD's members also have extensive experience interacting on permit applications and environmental reviews not only with federal agencies (including the Corps and the United States Fish & Wildlife Service ("Service")) but also with every level of state, regional, county, and local government. Several AFCD members are currently engaged in permitting processes with the Corps and Service in connection with other community development projects in Florida, and understand how the nature and scope of those federal processes interrelate with State, regional, county, and local government processes and requirements. Given the deep reservoir of relevant experience AFCD possesses in this area, it is well-positioned to aid the Court by "[p]roviding practical perspectives on the consequences of potential outcomes," "[e]xplaining the broader regulatory [and] commercial context in which a question comes to the court," and "[c]onveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers).

Moreover, AFCD's brief will "add value to [the Court's] evaluation of the issues" rather than merely repeat Defendants' position. *Id.* At the heart of Plaintiff's claims is the issue of the proper role and extent of federal Clean Water Act permitting

(and associated environmental reviews) in relation to the comprehensive State, regional, county, and local permitting and requirements that apply to the same projects. Accordingly, AFCD does not intend to address factual or scientific issues specific to Kingston's permit, but instead will focus on issues raised by the merits portion of Plaintiff's Motion that, if accepted by the Court, could have adverse implications for numerous other Corps permits and associated environmental reviews, including permits for community development projects planned by AFCD members. These cross-cutting issues include: (1) the proper scope of National Environmental Policy Act review of Corps permits, including the limited and precise nature of a Corps Clean Water Act section 404 permit in the context of comprehensive State, county, and local regulation of development projects; (2) the Service's approach to analyzing offsite, third party panther-vehicle mortality under the Endangered Species Act; and (3) the requirements governing the Corps' analysis of alternatives to a requested Clean Water Act Section 404 permit. AFCD's brief will place the federal agencies' actions in the proper context for this Court's review, and offer useful insights on the administrative permitting process.

*Second*, AFCD's brief will be submitted in a timely manner and will not delay consideration of the Plaintiff's Motion. Although neither the Federal Rules of Civil Procedure nor this Court's local rules address the timing of amicus briefs, the Federal Rules of Appellate Procedure allow amicus briefs to be filed within "7 days after the

principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). AFCD's brief will address and support specific issues likely to be addressed in Defendants' Opposition to Plaintiff's Motion, currently due January 20, 2026. *See* Dkt. No. 36. This motion is filed well in advance of that deadline. In addition, should the Court grant AFCD's motion, AFCD will submit its brief by January 23, 2026, or within such time as the Court provides to other parties filing briefs in opposition to the Plaintiff's Motion. The prompt filing of AFCD's brief falls well within the 7-day period allowed by Federal Rule of Appellate Procedure 29 and will provide Plaintiff sufficient time to consider and respond to AFCD's brief in its reply brief. As such, AFCD's brief will not disrupt the briefing schedule on Plaintiff's Motion.

## CONCLUSION

AFCD respectfully requests that the Court grant it leave to file an amicus curiae brief opposing Plaintiff's Motion for Preliminary Injunction on January 23, 2026, or within such time as the Court provides to other parties filing briefs in opposition to the Plaintiff's Motion.

**Pursuant to Local Rule 3.01(g)**, counsel for AFCD contacted counsel for Plaintiff and Defendants for their positions on this motion by phone and email. Defendants advised that they take no position as to this motion. Plaintiff advised that it opposes the motion at this time.

Respectfully submitted,

*/s/ Jamie Zysk Isani*

Jamie Zysk Isani (Fla. Bar No. 728861)
jisani@hunton.com
Hunton Andrews Kurth LLP
Wells Fargo Center
333 SE 2nd Avenue
Suite 2400
Miami, FL 33131
Telephone: (305) 536-2724

*Counsel for the Association of Florida Community Developers*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2026, I electronically filed this motion with the Clerk of this Court by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Jamie Zysk Isani*
Jamie Zysk Isani